IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINIOIS

| | | |
|---|---|---|
| LATOSHA GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| TRANSUNION RENTAL SCREENING | ) | |
| SERVICES, INC., | ) | |
| and DOES 1-10 inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiff Latosha Green files this Complaint for Damages and Demand for a Jury Trial against Defendants Transunion Rental Screening Services, Inc., and DOES 1-10 inclusive and respectfully shows the Court the following:

Nature of the Action

1. Defendant is a tenant screening company that furnishes tenant screening reports to prospective landlords. Its reports include information related to an applicant's credit history, eviction history, and criminal history.

2. Congress (through the Fair Credit Report Act ("FCRA") under U.S.C section 1681 *et seq*.) enacted comprehensive legislation regulating the procurement and issuance of background check reports stating that "there is need to ensure that

Case: 1:23-cv-04243 Document #: 1 Filed: 06/30/23 Page 2 of 7 PageID #:2

consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C §1681(a)

3. For purposes of the FCRA, Defendant is a "consumer reporting agency" as defined under 15 U.S.C §1681a(f) because it is a "person which , for monetary fees, dues … regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purposed of preparing or furnishing *consumer reports*" (Emphasis added).

4. Under 15 U.S.C §1681a(d) a "consumer report" is "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, **character, general reputation, personal characteristics, or mode of living** which is used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for housing. (Emphasis added).

5. On or about July 2021, Plaintiff submitted an application for tenancy with The Arden Walnut Creek.

6. In connection with Plaintiff's housing application, Arden Walnut Creek procured a background screening report on Plaintiff from Defendant.

7. In the Consumer Report, Defendant disclosed expunged and outdated criminal history regarding Plaintiff in violation of the FCRA.

8. Specifically, defendant disclosed that Plaintiff was guilty of "obtaining money or property by means of a false and bogus check" with a disposition date of September 23, 2003.

9. However, because this information is outdated, the report did not reflect the fact that the case had been expunged.

10. Under the Fair Credit Reporting Act ("FCRA" 15 USC § 1681 *et seq.*) §1681(e)(b), Defendant was required to use reasonable procedures to ensure the *maximum possible accuracy* of the information reported. Disclosing expunged information is a clear violation of this statute.

11. Moreover, Defendant simply did not include information related to the type of offense or the case number. No reasonable consumer reporting agency could permit its report to omit such information.

12. Furthermore, Defendant simply left the fields related to "offense date", "disposition date", and "disposition" blank. No reasonable consumer reporting agency could permit its researchers to copy blank fields and resell the same information to a consumer's prospective landlord.

13. There have been numerous Federal enforcement actions as well as civil actions related to background screening companies disclosing incorrect information.

14. Moreover, Defendant purchased public records information pertaining to criminal history instead of retrieving the actual underlying court records themselves for their purpose of creating and selling consumer reports to third party landlords and rental property managers.

15. Defendant did not have defined processes to verify the accuracy of the public records information provided.

16. As a direct result of Defendant's failure to verify public records, Plaintiff was denied housing.

17. The only time Defendant conducts any such verification is after a consumer dispute and the housing opportunity is already lost.

18. Plaintiff suffered, and continues to suffer actual damages and emotional distress as a result of being denied housing.

19. Accordingly, Plaintiff seeks recovery for her actual damages, including denial of housing, emotional distress, and damage to her reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

The Parties

20. Plaintiff is an individual, a consumer and resident of Oklahoma City, Oklahoma.

21. Defendant is a consumer reporting agency within the meaning of the FCRA, specifically 15 USC §1681a(f).

22. Defendant Transunion Rental Screening Solutions, Inc., is a consumer reporting agency, and is and at all times herein mentioned was headquartered in the State of Illinois, with its principal place of business at 555 W. Adams, Chicago, IL 60661.

23. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained through discovery.

24. Plaintiff is informed and believes and thereon alleges that each of the DOES 1-10 Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

25. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## Count 1 – Violation of 15 U.S.C. § 1681e(b)

26. Defendant willfully and/or recklessly violated 15 U.S.C. § 1681e(b) by disclosing inaccurate information, specifically Defendant failed to use reasonable procedures to ensure that the reported information belonged to Plaintiff.

27. The first requirement of identity matching within the background check industry is to ensure a first, middle, and last name match. As one of the nation's largest background screening companies, Defendant is well aware of this requirement.

28. Defendant's conduct was willful and/or reckless because it knew that its failure to ensure an exact name match with public records information is insufficient to ensure maximum possible accuracy of the criminal history information reported.

29. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

30. Alternatively, Plaintiff alleges that Defendant's violations were negligent as Defendant did not utilize reasonable procedures to ensure the reported information about Plaintiff was accurate.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;

b. For interest upon such damages as permitted by law;

c. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

d. For the costs of the lawsuit;

e. and

f. For such other orders of the Court and further relief as the Court deems just and proper.

g. Plaintiff hereby requests and demand a jury trial on all issues triable by jury.

This 30th day of June, 2023.

/s/John Kunze
John Kunze (ARDC #6322643)
kunze@fishlawfirm.com
**Fish Potter Bolanos, PC**
200 E 5th Ave, Suite 115
Naperville, IL 60563
Ph: (312) 861-1800
Fax: (312) 778-0400

- 7 -

*To be admitted as counsel for Plaintiff pro hac vice:*

Devin Fok (SBN #256599)
devin@devinfoklaw.com
**DHF Law, PC**
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Ph: (888) 651-6411
Fax: (818) 484-2023